994 P.2d 320 (1999)
STATE of Wyoming, ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Petitioner),
v.
Lila A. JACKSON, Appellee (Respondent).
No. 98-110.
Supreme Court of Wyoming.
December 21, 1999.
*321 Representing Appellant: William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General.
Representing Appellee: Kennard F. Nelson of Kirkwood, Nelson & Vang, P.C., Laramie, WY.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,[*] JJ.
LEHMAN, Chief Justice.
The question presented is whether, under the Wyoming Worker's Compensation Act, collateral estoppel may be premised on an uncontested denial of a claim by the Worker's Compensation Division (Division). Relying on Tenorio v. State, ex rel. Workers' Compensation Div., 931 P.2d 234, 237 (Wyo. 1997), we conclude that an uncontested denial of a claim by the Division will not be given collateral estoppel effect in subsequent proceedings for outstanding claims. We affirm the hearing examiner's order awarding benefits.

ISSUES
We adopt the injured worker's statement of the issue:
Did the Hearing Examiner commit error in finding that Mrs. Jackson's failure to timely object to a final determination addressed to her physician and denying payment of a $45.00 claim did not preclude further claims?

FACTS
Appellee Lila Jackson (Jackson) suffered a work-related injury in December of 1992. While working as a bus driver for the Laramie Senior Center, she slipped and fell climbing the bus steps, injuring her left ankle. She timely filed an injury report. After review, the Division concluded that Jackson's injury was covered by the Worker's Compensation Act.
The ankle did not respond to therapy, and surgery was required. In March of 1993, Jackson underwent the first of three surgeries on her ankle. This surgery did not solve her problems, however, and pain and swelling in the ankle continued. In May of 1994, Jackson underwent another surgery. This time, the bones in her ankle were fused, and she was fitted with an ankle support brace. The brace attaches to the heel of Jackson's shoe, and its two metal supports run up the sides of her leg to another attachment just below the knee.
The brace significantly alters Jackson's gait, causing a limp and creating excessive strain on her right hip and right knee. Prior to wearing the brace, Jackson did not have any hip or knee problems. Two months after being fitted with the brace, however, Jackson began experiencing pain in her right hip and right knee. First diagnosed with trochanteric bursitis (bursitis of the hip), Jackson has since developed degenerative arthritis in both joints. In just three years, Jackson's condition has deteriorated to the point that her orthopedic surgeon believes both joints need to be replaced.
Sometime in the fall of 1996, Jackson's orthopedic surgeon filed a claim with the Division, seeking payment of a $45 bill for treatment of Jackson's hip and knee. On October 2, 1996, the Division issued a final determination, addressed to the orthopedic surgeon, denying the $45 claim. This final determination provided:

FINAL DETERMINATION
DENIAL OF AMOUNT IN QUESTION $45.00

The Division has reviewed the response and denied payment on the referenced bill in the amount shown above for the following reason(s).
The hips and knees have not been established as part of the original workers' compensation left ankle injury. This denial is based upon the Division's authority to review all medical records pursuant to Wyoming Statute XX-XX-XXX(b).
The orthopedic surgeon did not file an objection. Although Jackson filed an objection, it was three days late. The matter was referred *322 to the Division's Internal Hearing Unit, which concluded, on April 18, 1997, that Jackson's objection was untimely and that the October 2, 1996 final determination was not subject to further administrative or judicial review.
In the meantime, on November 6, 1996, the Division issued another final determination, this time denying Jackson's claim for temporary total disability (TTD) benefits. The final determination, this time addressed to Jackson, stated that "Trochanteric bursitis has not been established as part of the original workers' compensation left ankle injury." Jackson timely objected and requested that "the relationship of her current symptoms to the ankle injury should be referred for hearing." The matter was set for hearing before a hearing examiner from the Office of Administrative Hearings (OAH). Although the TTD issues settled before the hearing, a hearing was held to determine Jackson's outstanding claims for medical bills relating to treatment for her hip and knee problems.
At the hearing, the Division argued that Jackson's failure to timely object to the October 2, 1996 final determination precluded her from establishing that her hip and knee ailments are compensable. For her part, Jackson disagreed with the Division and also presented evidence that established, to a reasonable degree of medical certainty, her hip and knee problems were directly related to the December 1992 ankle injury and its subsequent treatment.
The OAH awarded benefits. First, it found Jackson was not precluded from establishing the relationship between the hip/knee ailments and the ankle injury. It also found that Jackson had sustained her burden of establishing that her right hip and right knee problems were directly related to the ankle injury and the treatment therefor. The Division petitioned for review in the district court, which certified the case pursuant to W.R.A.P. 12.09.

STANDARD OF REVIEW
Pursuant to W.R.A.P. 12.09, our review of the hearing examiner's decision is governed by Wyo. Stat. Ann. § 16-3-114(c)(ii)(A) (Lexis 1999) which requires a reviewing court to "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]" The issue on appeal presents a question of law. If the hearing examiner's conclusions of law are correct, its decision will be affirmed. Tenorio v. State, ex rel. Workers' Compensation Div., 931 P.2d 234, 237 (Wyo.1997); Martinez v. State, ex rel. Workers' Compensation Div., 917 P.2d 619, 621 (Wyo.1996). If the hearing examiner has not invoked and applied the correct rule of law, we correct it. Tenorio, 931 P.2d at 237; Martinez, 917 P.2d at 621.

DISCUSSION
The Division does not contest the medically established fact that Jackson's right knee and right hip ailments are directly related to the December 1992 left ankle injury and its subsequent treatment. Instead, the Division argues that this issue was decided by the Division's uncontested final determination (which denied the orthopedist's $45 claim) issued on October 2, 1996, and Jackson's failure to timely object to that final determination estops her from litigating the issue. We disagree.
This court examines four factors when determining whether collateral estoppel applies:
(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
Tenorio, 931 P.2d at 238-39. Here, the Division correctly asserts that each of the factors is present in this case. The parties are the same; the October 2, 1996 final determination included the conclusion that Jackson's hip and knee problems were not related to the ankle injury; and Jackson had an opportunity *323 to litigate the issue, but did not file a timely objection. Nevertheless, we have recognized that collateral estoppel may be modified in applicability and scope by statute. Tenorio, 931 P.2d at 239. Therefore, we must review the relevant statutes to determine whether the common law rule of collateral estoppel is consistent with the legislature's intent when enacting the Worker's Compensation Act. Id. at 240. In this case, the application of collateral estoppel to the Division's uncontested denial of a claim requires a legislative intent that the issue has reached a final adjudication on the merits. Id. at 239.
The Division argues that Wyo. Stat. Ann. § 27-14-601(k)(vi) (Lexis 1999) evidences the legislature's intent that an uncontested final determination by the Division is sufficient to invoke collateral estoppel. That statute provides:
(vi) If timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review.
We do not find the Division's argument persuasive. Section -601(k)(iv) merely provides that failure to object to a final determination precludes further administrative or judicial review of the claim at issue. This does not necessarily mean that an uncontested final determination will be given preclusive effect in subsequent proceedings for outstanding claims. While this statute bars Jackson from contesting the denial of the $45 claim by her orthopedist, we do not find it dispositive of the issue before the court.
Instead, our decision is guided by the analysis found in Tenorio, 931 P.2d 234. In that case, we held that the "application of collateral estoppel to the Division's uncontested award of benefits in subsequent proceedings for outstanding claims is contrary to the intent of the legislature." 931 P.2d at 240. Although the present case concerns an uncontested denial of benefits and Tenorio involved an uncontested award of benefits, the analysis remains the same. In discerning the legislature's intent in this area, the Tenorio court acknowledged that the legislature has provided a "distinct forum," the Office of Administrative Hearings, for final adjudications on the merits. 931 P.2d at 240. We also recognized that the legislature intended that the Office of Administrative Hearings, and not the Division, be the final arbiter of contested cases: "Were we to apply collateral estoppel to the uncontested factual determinations of the Division in future claims for benefits which are contested, we would nullify the legislature's express intent that the hearing examiner be the final arbiter on the merits of a contested case." Id. Indeed, "[t]he hearing examiner has exclusive jurisdiction to make the final administrative determination of the validity and amount of compensation payable under this act." Wyo. Stat. Ann. § 27-14-602(c) (Lexis 1999).
Relying on the foregoing statutes and our decision in Tenorio, we hold that an uncontested final determination by the Division denying a worker's compensation claim will not be given collateral estoppel effect in subsequent proceedings for outstanding claims. Here, the October 2, 1996 final determination went uncontested and was not heard by a hearing examiner. Under these circumstances, collateral estoppel does not preclude Jackson from establishing, for purposes of her outstanding claims, that her hip and knee ailments are directly related to her December 1992 ankle injury and its treatment.

CONCLUSION
In Tenorio, we held that the "application of collateral estoppel to the Division's uncontested award of benefits in subsequent proceedings for outstanding claims is contrary to the intent of the legislature." 931 P.2d at 240. Just as we will not give collateral estoppel effect to an uncontested award of benefits by the Division, we will not give collateral estoppel effect to an uncontested Division determination denying benefits. The hearing examiner's order awarding benefits is affirmed.
NOTES
[*] Retired November 2, 1998.