**PACIFICORP, Appellant (Respondent),**

v.

**Norman TODD, Appellee (Petitioner).**

**No. 99–230.**

Supreme Court of Wyoming.

March 24, 2000.

Representing Appellant: Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper.

Representing Appellee: Michael D. Newman of Honaker, Hampton & Newman, Rock Springs.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

PacifiCorp appeals a district court determination that a hearing officer had improperly reached the merits of Norman Todd's (Todd) worker's compensation claim based on the employer's failure to make a timely objection to the claim. We affirm.

### ISSUES

PacifiCorp presents a single issue for review:

Does substantial evidence support the finding by the Office of Administrative Hearings that [PacifiCorp] objected to benefits in this matter prior to the Final Determination of the Workers' Safety and Compensation Division, which objection was never withdrawn or modified?

Todd frames the issue differently:

Did the Office of Administrative Hearings err as a matter of law in allowing [PacifiCorp] to revive the issue of compensability of [Todd's] injury after [PacifiCorp] failed to object to a final determination by the Division finding that [Todd's] injuries were compensable?

### FACTS

On February 24, 1997, Todd filed a claim for worker's compensation benefits claiming an injury to his feet resulting from standing on concrete all day. PacifiCorp countered the next day with a letter to the Division of Workers' Safety and Compensation (the Division) objecting to the "acceptance of Mr. Todd's claim for benefits" pending a determination of whether a valid relationship existed between the alleged injury and Todd's employment. Accordingly, the Division followed up with a letter to Todd requesting additional medical information to assist in making a final determination relating to coverage. After investigating the matter, the Division issued a Final Determination Regarding Coverage and Compensability on April 2, 1997. The Division concluded that the injury was covered by workers' compensation. In addition, the Final Determination included the following provision:

Either the employee or the employer may object to this determination and request a hearing. We must receive a written request, [sic] stating your reason (s) for objecting on or before *18 working days.* If a timely written request for hearing is not filed with the [D]ivision, the final determination by the Division pursuant to W.S. 27–14–601(k) shall not be subject to further administrative or judicial review.

A copy of the Final Determination was timely sent to PacifiCorp.

It was not until August 5, 1997, that PacifiCorp took further action on Todd's claim when it sent a letter to the Division objecting to the benefits. For undisclosed reasons, the Division responded with another letter stylized as a Final Determination wherein it was reiterated that the determination was that the injury was compensable. The letter went on to inform all parties that they had until September 8, 1997, to object and request a hearing, or the matter would not be subject to further administrative or judicial review pursuant to Wyo. Stat. Ann. § 27–14–601(k). Pursuant to a request from PacifiCorp, the matter was scheduled for hearing.

Prior to the hearing on the merits of his claim, Todd filed a motion with the hearing examiner to dismiss the matter on the grounds that PacifiCorp, by not objecting or requesting a hearing within the time set forth in the April 2, 1997, Final Determination notice, had waived its right to contest the merits of his claim. The hearing examiner denied the motion concluding that the February 25, 1997, letter from PacifiCorp to the Division was enough to establish a continuing objection to the claim.

After a hearing on the merits of Todd's claim, the hearing examiner issued an order denying benefits based on his determination that Todd had failed to prove a causal connection between the injury and employment. Todd appealed the decision to the district court, which reversed. The district court concluded that the Division's conclusion that the injury was compensable on April 2, 1997, acted as a bar to any further administrative or judicial proceedings on the merits of that determination pursuant to § 27–14–601(k) when PacifiCorp failed to object and request a hearing within the time provided. PacifiCorp has now appealed that decision to this Court.

## STANDARD OF REVIEW

 When faced with an appeal from a district court's review of a hearing examiner's decision, we review the matter as if it had proceeded directly to us from the administrative agency. *State ex rel., Wyoming Worker's Compensation Division v. Barker*, 978 P.2d 1156, 1159 (Wyo.1999). The parameters of our review are confined to matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999), which provides, in relevant part, that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> * * *
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Barker*, 978 P.2d at 1159.

## DISCUSSION

PacifiCorp insists that it made a timely objection to Todd's claim through its February 25, 1997, letter to the Division, which was sufficient to establish its opposition to Todd's claim throughout the proceedings. In addition, PacifiCorp complains that the district court's analysis was "too technical," and that any further statement of objection should have been unnecessary.

The procedures for the Division's processing of workers' compensation claims and the administrative and judicial review of subsequent determinations on those claims is delineated in detail in Wyo. Stat. Ann. § 27–14–601 (LEXIS 1999), the relevant portions of which are set forth below:

> (a) Upon receipt, the division shall review the initial injury reports to determine if the injury or death resulting from injury is compensable and within the jurisdiction of this act. No subsequent claim for compensation under this act shall be approved if the division determines the injury or death is not compensable and under the jurisdiction of this act or if the employer states on his injury report that the injury is not compensable, until a determination is rendered by the division. The division shall provide notice of its determination to the employee, employer and the claimant.
>
> . . . .

(k) Determinations by the division pursuant to this section and W.S. 27–14–605 shall be in accordance with the following:

(i) The initial review of entitlement to benefits pursuant to subsections (a) and (e) of this section shall be made by the division within fifteen (15) days after the date the injury report or claim is filed. Following initial review, the division shall issue a final determination or if a final determination cannot be made based upon available information at that time, the division may issue a request for additional information as necessary;

(ii) Following issuance of a request for additional information under paragraph (k)(i) of this section, the division shall investigate the matter and issue its final determination within forty-five (45) days after issuing the request;

(iii) Notice of a final determination issued by the division under this subsection shall include a statement of reasons and notice of the right to a hearing;

(iv) Any interested party may request a hearing before a hearing examiner on the final determination of the division by filing a written request for hearing with the division within fifteen (15) days after the date the notice of the final determination was mailed by the division. If the division has not rendered a final determination within sixty (60) days following the date the claim was filed, any interested party may request a hearing before a hearing examiner in the manner prescribed by this paragraph. If the written request for hearing is sent to the division by certified or registered mail, postage prepaid, return receipt requested, proof of such mailing within the time provided by this subsection with a receipt signed by an agent of the state of Wyoming shall be presumed to be timely filing of the request with the division;

(v) Upon receipt of a request for hearing, the division shall immediately provide notice of the request to the appropriate hearing authority as determined pursuant to W.S. 27–14–616;

(vi) If timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review.

In this case, after Todd filed his claim with the Division, PacifiCorp responded with its letter of February 25, 1997, which stated:

Mr. Todd has filed a claim for workers' compensation benefits due to a reported experience of pain in his feet due to standing on concrete floors.

The company is objecting to the acceptance of Mr. Todd's claim for benefits. We request that upon the Division's receipt of medical information, contact be made with the company to determine if there is a valid relationship of his diagnosed condition with his job activities and his time of employment with the company.

In response to this, the Division issued a request for additional information pursuant to § 27–14–601(k)(i) and (ii). After considering that information, the Division subsequently issued a Final Determination finding that Todd's injury was work-related and giving all of the parties 18 working days in which to file an objection to that conclusion and request a hearing pursuant to the provisions of § 27–14–601(k)(iii) and (iv).

█ The Division followed the dictates of § 27–14–601 to the letter. PacifiCorp's February 25, 1997, letter objected to the claim of benefits pending an investigation by the Division into the nexus between Todd's injury and his employment. That investigation was completed, and after the Division determined that there was a relationship, it awarded Todd benefits and notified PacifiCorp of its decision. PacifiCorp then had an opportunity to request a hearing, as required by § 27–14–601(k)(iv). The simple fact of the matter is that PacifiCorp failed to exercise its right to a hearing within the time allowed. The statute is crystal clear: Once a final determination is made, a party must object and request a hearing or the determination of compensability is not subject to any further administrative or judicial review. Wyo. Stat. Ann. § 27–14–601(k)(vi)(LEXIS 1999). The February 25, 1997, letter was insufficient to accomplish this task because it preceded the issuance of the final determination, and it did not request a hearing. To hold that an ob-

jection filed prior to the issuance of a final determination constitutes a form of continuing objection would conflict with the unambiguous, specific language of § 27–14–601 and would hold the finality of any decision hostage to the whims of that party.

We are likewise unimpressed by PacifiCorp's argument that the result of a decision which adhered strictly to the procedures set forth in § 27–14–601 would be "too technical." It would not be a decision based on a "technicality." The procedures set forth in the statute are there for a reason. They promote consistency and finality in the Division's determinations of compensability. These are not trivial considerations. To the contrary, such considerations form the bedrock of our jurisprudential system. If we were to ignore the dictates of the statute at issue in this case because its enforcement was "too technical," when could a party ever be certain that a matter had been resolved? This is not a "technicality;" it is the law.

### CONCLUSION

PacifiCorp failed to make a timely objection to the Division's Final Determination regarding the compensability of Todd's injury. That determination, therefore, is not subject to further administrative or judicial review. The district court's decision reversing the hearing examiner is hereby affirmed.