In the Matter of the Workers' Compensation Claim of Josephine
B. HERNANDEZ,

Josephine B. Hernandez, Appellant
(Petitioner),

v.

Laramie County School District No. 1, and State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).

No. 98–249.

Supreme Court of Wyoming.

July 7, 2000.*

---

* This case was originally assigned to Justice Thomas on February 24, 1999, for the rendering of a proffered majority opinion. This case was reassigned to Chief Justice Lehman on December 16, 1999. Chief Justice Lehman distributed a proffered opinion to the court on May 9, 2000.

Representing Appellant: George Santini of Ross, Ross & Santini, L.L.C., Cheyenne, WY.

Representing Appellee Laramie County School District Number One: Mark R. Stewart, Cheyenne, WY.

Representing Appellee Workers' Safety and Compensation Division: Gay Woodhouse, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY **, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Josephine B. Hernandez (Hernandez) applied for temporary total disability benefits for the time she claims to have been totally disabled following TMJ surgery that was performed subsequent to her acceptance of an award of permanent partial impairment benefits for the same condition. After denial of the temporary total disability benefits by the Workers' Safety and Compensation Division, Hernandez objected, and the matter was referred to the Medical Commission for a contested case hearing. The Medical Commission allowed the expenses associated with the TMJ surgery, but ruled Hernandez was not entitled to temporary total disability benefits. Because we conclude the Medical Commission incorrectly determined the Worker's Compensation Act required Hernandez to prove an increase in permanent incapacity to establish entitlement to temporary total disability benefits, we will reverse

** Retired June 2, 2000.

and remand for the limited purpose of determining whether Hernandez established an increase in incapacity, even if the increase was only temporary. We affirm in part and reverse in part.

## ISSUES

This Statement of the Issues is found in the Brief of the Appellant, Hernandez:

1. Did the Medical Commission err in denying Hernandez's claims for temporary total disability following surgery in June of 1997?

This Statement of the Issues is found in the Brief of Appellee, Laramie County School District Number One:

A. Is the Employee entitled to additional temporary total disability benefits under W.S. Section 27–14–404(b) for a period of temporary disability following her TMJ surgery in June 1997?

B. Is the Employee entitled to additional temporary total disability benefits under W.S. Section 27–14–605(a) for a period of temporary disability following her TMJ surgery in June 1997?

This Statement of the Issues is found in the Brief of Appellee, the Wyoming Workers' Safety and Compensation Division:

The Employee underwent surgery one year after receiving a permanent impairment award. The Medical Commission denied temporary total disability benefits because she had not returned to work before surgery.

A. Was the denial of temporary total disability benefits in accordance with law?

The Medical Commission denied the Employee's application to modify benefits because she failed to prove either an increase in incapacity or a mistake.

B. Was the denial of the application to modify benefits in accordance with law?

## FACTS

On February 28, 1995, Hernandez was injured while employed as a bus aide for Laramie County School District No. 1. She submitted a claim for temporary total disability with the Workers' Safety and Compensation Division (Division) on March 20, 1995, complaining of neck, right shoulder, and low back pain. She was ultimately diagnosed with a temporal mandibular joint injury (TMJ). In April of 1996, her physician assigned her a 10% whole person impairment rating and concluded she had attained maximum medical improvement. The Division agreed and, on April 16, 1996, awarded her a 10% permanent partial impairment award resulting from the TMJ injury, effectively terminating her temporary total disability benefits pursuant to Wyo. Stat. Ann. § 27–14–404(c)(ii).

Hernandez continued to experience problems with her TMJ and, on June 4, 1997, underwent surgery for bilateral degenerative TMJ disease. On July 18, 1997, she applied for temporary total disability benefits for June 3, 1997, through July 30, 1997. The Division responded by requesting additional information to determine her eligibility for temporary total disability benefits under Wyo. Stat. Ann. § 27–14–404(b). In reply to the request for information, Hernandez submitted a letter advising the Division she had not returned to work prior to undergoing TMJ surgery. Along with the letter, she submitted a petition to modify and reopen her case under Wyo. Stat. Ann. § 27–14–605. The basis for her modification was that TMJ surgery was not reasonably contemplated at the time of her award, her condition had not stabilized, and she had not reached maximum medical improvement. In addition, she claimed she had sustained an increase in incapacity. On August 5, 1997, the Division issued a Final Determination denying both Hernandez's application for temporary total disability benefits and her petition to modify. Hernandez objected, and the Division referred her case to the Medical Commission.

Along with Hernandez's claim for temporary total disability benefits, the Medical Commission also heard two other Hernandez claims, a claim for benefits for the cost of the TMJ surgery and a claim for mental injuries. In its order, the Medical Commission recognized that Hernandez's TMJ syndrome was work related, making the cost of surgery and treatment compensable, but denied her total temporary benefits for June 3, 1997, to July

30, 1997, because Hernandez had not returned to work prior to surgery and because she failed to prove an increase in permanent incapacity. The Medical Commission also denied her claim for mental injuries, which she does not challenge on appeal. Hernandez appealed to the district court, which certified the case pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

Although the Medical Commission allowed her costs for the TMJ surgery and treatment, Hernandez claims that she is also entitled to temporary total disability (TTD) benefits for the two months following her TMJ surgery. These issues raise questions of fact review as well as statutory interpretation.

 In performing our review of a decision that a claimant has failed to meet her burden of proof, we apply the following principles:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of Wyo. Stat. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant ... has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994).

*Pederson v. State ex rel. Workers' Compensation Div.,* 939 P.2d 740, 742 (Wyo.1997); *In re Nissen,* 983 P.2d 722, 724 (Wyo.1999); *Carrillo v. State ex rel. Workers' Safety and Compensation Div.,* 987 P.2d 690, 693 (Wyo. 1999).

 When interpreting statutes,

We read the text of the statute and pay attention to its internal structure and the functional relation between the parts and the whole. We make the determination as to meaning, that is, whether the statute's meaning is subject to varying interpretations. If we determine that the meaning is not subject to varying interpretations, that may end the exercise, although we may resort to extrinsic aids of interpretation, such as legislative history if available and rules of construction, to confirm the determination. On the other hand, if we determine that the meaning is subject to varying interpretations, we must resort to available extrinsic aids. If an ambiguous statute has been construed by an agency charged with administering it, we will accord deference to, but are not bound by, that construction. After all, the final construction of an ambiguous statute is a question for the court.

*Parker Land and Cattle Co. v. Game & Fish Comm'n,* ·845 P.2d 1040, 1045 (Wyo.1993).

## DISCUSSION

Analysis of Hernandez's claim begins with a review of the temporary total disability (TTD) statute, Wyo. Stat. Ann. § 27–14–404, which provides in pertinent part:

(b) Any employee awarded benefits under W.S. 27–14–405 or 27–14–406 is not eligible for benefits under subsection (a) of this section unless the employee has returned to gainful employment and following employment, undergoes additional surgery not reasonably contemplated before the award for permanent impairment or disability and then only for a reasonable

period of recuperation, confinement for medical care during the actual period of confinement or unless application is made and an award is granted under W.S. 27–14–605.

Here, because Hernandez previously accepted a 10% permanent partial impairment award for her TMJ problems pursuant to Wyo. Stat. Ann. § 27–14–405, the TTD benefits she seeks are governed by § 27–14–404(b).

█ Pursuant to § 27–14–404(b), two alternatives exist for payment of TTD benefits after a receipt of benefits under § 27–14–405 or § 27–14–406. Under the first ground, the employee is required to, *inter alia*, return to gainful employment prior to surgery. It is undisputed that Hernandez had not done so. Under the plain and unambiguous language of § 27–14–404(b), Hernandez's acceptance of an award under § 27–14–405 combined with her failure to return to gainful employment prior to surgery precludes her recovery of temporary total disability benefits under the first alternative.

█ We turn then to Hernandez' argument that she is entitled to TTD benefits under the second alternative found in § 27–14–404(b), which precludes such an award "unless application is made and an award is granted under W.S. 27–14–605." The clear language of 27–14–404(b) thus requires us to shift our focus to Wyo. Stat. Ann. § 27–14–605(a), which provides in pertinent part:

> If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

Whether applying for additional benefits or a modification of the amount of benefits, the claimant is required to establish the grounds for such an application, *i.e.*, an increase or decrease of incapacity due solely to the injury, or mistake, or fraud. *Jackson v. J.W. Williams, Inc.*, 886 P.2d 601, 603 (Wyo.1994). Here there is no question of fraud.

█ We turn first to the question of whether Hernandez has established an increase in incapacity due solely to the injury. We have previously determined that "when an employee's condition changes from permanent partial disability to temporary *total* disability, his incapacity is increased." *Parnell v. State ex rel. Worker's Compensation Div.*, 735 P.2d 1367, 1368 (Wyo.1987) (emphasis in original). This is true regardless of whether the claimant's permanent partial disability has increased. *Harris v. State ex rel. Workers' Compensation Div.*, 736 P.2d 309, 310 (Wyo.1987). Although such an award may appear to permit a double recovery, we have made clear that a claimant may not be

> totally disabled and partially disabled at the same time. Such a result would ignore the principle, implied in the Worker's Compensation Act, that total disability is the maximum disability possible under the Act. If an employee is receiving monthly permanent partial disability payments, which is the usual case, and then receives a temporary total disability award, the permanent partial disability payments should be suspended during the period of temporary total disability and resumed when the period of temporary total disability has ended. An employee who has received a lump sum award should be treated similarly, *i.e.*, his permanent partial disability should be deemed to be suspended during the period of temporary total disability.

*Parnell v. State ex rel. Wyoming Worker's Compensation Div.*, 735 P.2d at 1369.

█ Despite *Parnell*, the Division argues that a TTD award is foreclosed by § 27–14–605(a) regardless of whether Hernandez proved that she had suffered an increase of incapacity due solely to the injury. The Division argues that, after amendments, § 27–14–605(a) now contains a specificity requirement, *i.e.*, that any additional benefits sought must be the same type of benefits that were the subject of the prior favorable determination. We disagree. When *Parnell* was decided, § 27–14–605 (at that time codified as § 27–12–606) read "additional benefits of any type or nature." In 1989, § 27–14–605(a) was amended to read "additional medical and

disability benefits." 1989 Session Laws, ch. 229, § 1. The subsection was amended to its current state in 1994 when the legislature removed the terms "medical and disability," thus leaving simply "additional benefits." 1994 Session Laws, ch. 86, § 2. These minor amendments have not, contrary to the Division's argument, made a substantive change in the law nor have they effectively overruled *Parnell.* Had the legislature intended a specificity requirement, it could have removed completely the phrase "additional benefits," leaving only the term modification, a term more indicative of the specificity requirement propounded by the Division. Therefore, we conclude that an award of TTD benefits as additional benefits is permissible even though the prior determination in Hernandez's favor involved an award of permanent partial impairment benefits.

We turn then to the question of whether the Medical Commission abused its discretion in concluding that Hernandez had failed to establish, by a preponderance of the evidence, her claim for TTD benefits, *i.e.,* her claim she suffered an increase in incapacity due solely to the injury. Whether an increase in incapacity is due solely to the original work-related injury is a question of fact. *Jackson v. J.W. Williams, Inc.,* 886 P.2d at 603. Wyo. Stat. Ann. § 27–14–404(d)(ii) provides that temporary total disability benefits shall not be paid if "[a] claim is filed without the signature of the claimant and certification by the attending health care provider." *Snyder v. State ex rel. Worker's Compensation Div.,* 957 P.2d 289, 293 (Wyo.1998). *See also Higgins v. State ex rel. Worker's Compensation Div.,* 739 P.2d 129, 133 (Wyo.1987) ("If a physician does not certify that a workman is totally disabled or when it is indicated that he has reached the point of stability or recovery, temporary total disability benefits must cease."). Here, a physician certified Hernandez was totally disabled from June 3, 1997 to July 30, 1997, and this incapacity was attributed to "somatic dysfunction cervical/thoracic." The TTD certification form states it is sufficient for purposes of TTD benefits under § 27–14–404, and Hernandez thus makes a strong case that she has established an increase of incapacity.

However, the Medical Commission did not take into consideration that Hernandez might be entitled to TTD benefits pursuant to § 27–14–605(a) by establishing a temporary increase in incapacity. Instead, the Medical Commission required Hernandez to prove she had suffered an increase in permanent incapacity in order to qualify for the TTD benefits she claimed. Our analysis is to the contrary. We, therefore, conclude the Division erred as a matter of law in requiring Hernandez to prove an increase in permanent incapacity to establish a claim for TTD benefits under § 27–14–605(a). Because the Medical Commission applied an incorrect standard, we reverse its order and remand for the limited purpose of making findings on whether Hernandez has sustained her burden of proving an "increase ... of incapacity due solely to the injury."

Hernandez also argues she is entitled to TTD benefits under § 27–14–605(a) because her original TTD award for her TMJ should be modified because it was based upon a material mistake. The term "mistake" in Wyo. Stat. Ann. § 27–14–605(a) applies to "those situations in which a mistake in the determination of a material fact has been made by a fact finder." *Conn v. Ed Wederski Const. Co.,* 668 P.2d 649, 653 (Wyo.1983); *see also Smith v. State ex rel. Workers' Safety and Compensation Div.,* 965 P.2d 687, 690 (Wyo.1998). Hernandez argues a mistake occurred because the Division determined her final award without recognizing her condition had not stabilized and she had not achieved maximum medical improvement. She maintains additional surgery was not contemplated at the time of the award and, as such, she should be awarded TTD benefits for the time spent recuperating from surgery. However, an April 3, 1996 letter from one of Hernandez's treating physicians indicates that at a July 20, 1995 evaluation, the physician recommended an MRI of her jaw and an oral surgical follow-up, thus placing Hernandez on notice that a surgical procedure was possible. We agree that Hernandez was unable to prove a material mistake.

### CONCLUSION

Under Wyo. Stat. Ann. § 27–14–404(b) and § 27–14–605(a), Hernandez was entitled to

additional benefits following her surgery if she could prove she suffered an increase of incapacity due solely to her injury. This does not mean she had to prove she suffered an increase in permanent incapacity; a showing of a temporary increase is sufficient. *Parnell v. State ex rel. Worker's Compensation Div.*, 735 P.2d at 1368; *Harris v. State ex rel. Workers' Compensation Div.*, 736 P.2d at 310. The medical commission erred in requiring otherwise. We, therefore, remand for the limited purpose of determining if Hernandez proved an increase of incapacity due solely to her injury. Any award should be adjusted in accord with the principles enunciated in *Parnell v. State ex rel. Worker's Compensation Div.*, 735 P.2d at 1369. Affirmed in part, reversed in part, and remanded.