10 P.3d 544 (2000)
Matter of the Worker's Compensation Claim of Kendall L. OSENBAUGH, An employee of Big O Tires Stores:
Kendall L. Osenbaugh, Appellant (Petitioner),
v.
State of Wyoming ex rel. Wyoming Workers' Safety And Compensation Division, Appellee (Respondent).
No. 99-330.
Supreme Court of Wyoming.
August 17, 2000.
*546 Representing Appellant: George Santini of Ross, Ross & Santini, LLC, Cheyenne, Wyoming.
Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.
Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL and KITE, JJ.
KITE, Justice.
Kendall L. Osenbaugh applied for modification of his award of temporary total disability (TTD) benefits on the grounds of increased incapacity. After a contested case proceeding, the Office of Administrative Hearings denied the application because Osenbaugh did not have additional surgery. We conclude the Office of Administrative Hearings incorrectly ruled that Osenbaugh's request was governed by Wyo. Stat. Ann. § 27-14-404 (Michie 1991) (amended 1993, 1994, 1995, 1996 & 2000) and not Wyo. Stat. Ann. § 27-14-605(a) (Michie 1991) (amended 1994) and, consequently, incorrectly required proof of additional surgery not reasonably contemplated before an award of permanent partial disability benefits. For this reason, we reverse and remand for findings of fact to establish whether Osenbaugh experienced an increase in incapacity of such a nature as to warrant modification of his TTD award consistent with § 27-14-605(a).

ISSUES
Osenbaugh sets forth the issue as follows:
1. Can a worker['s] compensation claimant be awarded temporary total disability benefits pursuant to § 27-14-605, W.S.1977 (1991 Repl.) without undergoing additional surgery following an award of permanent partial disability benefits as required by § 27-14-404(b), W.S.1977 (1991 Repl.)?
A. Did the hearing officer err as a matter of law by misapplying the provisions of § 27-14-404(b) and 605, W.S. 1977 (1991 Repl.)?
B. Did the hearing officer misapply this Court's holding in Casper Oil Company v. Evenson, 888 P.2d 221 (Wyo. 1995)?
The Wyoming Workers' Safety and Compensation Division (the division) states the issues in the following form:
I. The Employee failed to object to the denial of his temporary total disability claim. Was his petition to modify barred by the Act?
II. The Employee sought additional temporary total disability benefits without having undergone additional surgery. Was the denial of additional benefits in accordance with law?
III. If the Hearing Examiner's decision was contrary to law, should the Court remand for findings of fact?
Osenbaugh presents these additional issues in his reply brief:
Osenbaugh believes that the following additional issues have been raised as a result of the arguments made by the Wyoming Workers' Safety and Compensation Division in [its] brief:
1. Was the issue of reopening and modification of Osenbaugh's worker['s] compensation case to obtain additional temporary total disability benefits from *547 the date of his pro se petition to reopen before the Office of Administrative Hearings for contested case determination?
2. Did Osenbaugh, by failing to file a timely objection to the denial of his claim for temporary total disability benefits for the months of March and April of 1999, waive his right to file future claims for temporary total disability pursuant to § 27-14-605 W.S.1977 (1998 Repl.)?

FACTS
On November 11, 1991, Osenbaugh was injured at work as a tire changer and apprentice mechanic for Big O Tire Stores and, as a result, underwent spinal fusion surgery. He received worker's compensation benefits including TTD benefits and a thirteen percent physical impairment award. Thereafter, Osenbaugh received an additional thirty-seven percent permanent partial disability award for a total permanent partial disability award of fifty percent. In 1997, with assistance from the Division of Vocational Rehabilitation, he commenced work as a management trainee for Nurse Connection of Wyoming, Inc. Osenbaugh's employer made accommodations to assist him with his continuing problems with pain and depression.
In February 1999, by mutual agreement with his employer that his ongoing physical impairments prevented him from performing his job, Osenbaugh ceased work. On April 2, 1999, he filed a claim for TTD benefits for the period of March 1, 1999, through April 30, 1999. On April 7, 1999, the division entered a final determination denying Osenbaugh's claim on the basis he did not undergo additional surgery after his original permanent partial disability award. Osenbaugh did not file an objection to this determination, rather, he filed a letter dated May 6, 1999, requesting his case "# XX-XX-XXXX[be] reopened and modified." On May 20, 1999, the division referred the matter to the Office of Administrative Hearings for a contested case proceeding, and the matter was set for hearing. On June 18, 1999, Osenbaugh filed a formal petition to reopen and modify pursuant to § 27-14-605(a).
At the hearing held August 17, 1999, Osenbaugh conceded that his failure to timely respond to the division's April 7, 1999, final determination notice barred him from receiving TTD benefits for the period of March 1, 1999, through April 30, 1999. Upon stipulation of counsel, the hearing proceeded on the issue of the May 6, 1999, petition to reopen and modify pursuant to § 27-14-605(a). At hearing, it was Osenbaugh's contention that he had experienced an increased incapacity due to his work related injuries which rendered him totally temporarily disabled.
The Office of Administrative Hearings issued an Order Denying Benefits on September 7, 1999, because it determined that further surgery was required pursuant to § 27-14-404 and that § 27-14-605(a) was inapplicable. Osenbaugh appealed to the district court which certified the case to this Court pursuant to W.R.A.P. 12.09(b).

STANDARD OF REVIEW
Resolution of this case requires construction and interpretation of statutes which are questions of law, and the well established standard of review was recently restated in Sell v. State ex rel. Wyoming Workers' Safety and Compensation Division, 7 P.3d 1, 3 (Wyo.2000) (quoting Wright v. State ex rel. Wyoming Workers' Safety and Compensation Division, 952 P.2d 209, 211 (Wyo.1998)), as follows:
"The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 237 (Wyo.1997); Claim of Nielsen, 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. Matter of Corman, 909 P.2d 966, 970 (Wyo.1996); Aanenson v. State ex rel. Wyoming Workers' Compensation Div., 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting *548 or applying the law. Matter of Gneiting, 897 P.2d 1306, 1308 (Wyo.1995); City of Casper v. Haines, 886 P.2d 585, 587 (Wyo. 1994)."
When addressing a question of law requiring statutory interpretation, the standard of review is equally settled as set out in Platte Development Company v. State Environmental Quality Council, 966 P.2d 972, 974 (Wyo.1998):
Our review of statutory interpretation begins with an inquiry into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. [Parodi v. Wyoming Department of Transportation, 947 P.2d 1294, 1295 (Wyo.1997)]; Sheridan Commercial Park, Inc. v. Briggs, 848 P.2d 811, 815 (Wyo.1993). If more than one reasonable interpretation exists, we resort to general principles of statutory construction. Moncrief v. Wyoming State Bd. of Equalization, 856 P.2d 440, 444 (Wyo.1993) (quoting Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n, 845 P.2d 1040, 1044 (Wyo.1993)). When the legislature has spoken in unambiguous terms, however, "we are bound to the results so expressed." State ex rel. Wyoming Workers' Compensation Div. v. Bergeron, 948 P.2d 1367, 1369 (Wyo.1997).

DISCUSSION

A. Was the Petition to Modify Barred by Failure to Appeal Denial of Temporary Total Disability for a Different Time Frame?
The division argues Osenbaugh's petition to reopen and modify was barred due to his failure to timely object to its final determination of his April 2, 1999, TTD claim as required by Wyo. Stat. Ann. § 27-14-601(k)(vi) (LEXIS 1999). The April 2, 1999, TTD claim was for the period of March 1, 1999, through April 30, 1999. It is undisputed Osenbaugh did not request a hearing on the division's final determination denying his claim for that two-month time frame. "The statute is crystal clear: Once a final determination is made, a party must object and request a hearing or the determination of compensability is not subject to any further administrative or judicial review. Wyo. Stat. Ann. § 27-14-601(k)(vi) (LEXIS 1999)." Pacificorp v. Todd, 1 P.3d 1216, 1219 (Wyo. 2000).
However, on May 6, 1999, Osenbaugh submitted a letter requesting his case "# XX-XX-XXXX[be] reopened and modified." (Emphasis added.) This initial petition was expanded and clarified upon counsel's filing of a more formal pleading on June 18, 1999, entitled "Petition to Reopen and Modify." Initially, the petition requested benefits from March 1, 1999, until such time as he qualified for an additional award of permanent partial or permanent total disability benefits. However, at the hearing, Osenbaugh conceded he was barred from again requesting TTD benefits for the March 1, 1999, through April 30, 1999, time period. In the Order Denying Benefits issued September 7, 1999, this claim period was dismissed, and Osenbaugh has not raised an issue as to the appropriateness of this aspect of the order on appeal.
Despite the fact that the remaining claim covers a different time period, the division argues that it is also barred. The division's position is contrary to its stipulation below:
[A]lthough we think that the petition to modify is controlled under 404, as a matter of law we are willing to stipulate that the employee claimant can go forward with his 605 claim today, or whatever matters he wants to present on that, as if it had been formally denied by the Division.
(Emphasis added.) This stipulation was subsequently reiterated in the hearing as follows: "[T]o the extent that there may be some question as to whether or not the employee/claimant can proceed on [his] 605 petition today, our position is that we would stipulate that he may." (Emphasis added.) It was further discussed by the hearing examiner and the attorneys that the TTD benefits time frame at issue was from the date of Osenbaugh's May 6, 1999, petition to reopen and modify to the date of the hearingAugust 17, 1999.
The division unequivocally stipulated that the § 27-14-605(a) claim was properly before the Office of Administrative Hearings for *549 adjudication on the merits. By entering into the stipulation, the division gave its consent to further proceedings in the proper forum. Warehime v. State ex rel. Wyoming Workers' Compensation Division, 806 P.2d 292, 295 (Wyo.1991); see also Midwest Refining Co. v. George, 41 Wyo. 55, 281 P. 1005 (1929).
Furthermore, the claimant is not collaterally estopped from seeking TTD benefits for a different time frame.
Section [27-14]-601(k)([vi]) merely provides that failure to object to a final determination precludes further administrative or judicial review of the claim at issue. This does not necessarily mean that an uncontested final determination will be given preclusive effect in subsequent proceedings for outstanding claims.
State ex rel. Wyoming Workers' Safety and Compensation Division v. Jackson, 994 P.2d 320, 323 (Wyo.1999) (emphasis added); see also Tenorio v. State ex rel. Wyoming Workers' Compensation Division, 931 P.2d 234 (Wyo.1997). Osenbaugh's petition to reopen and modify TTD benefits for May 6, 1999, through August 17, 1999, had not reached a final adjudication on the merits at the time of the hearing and was not precluded. This Court does "not give collateral estoppel effect to an uncontested Division determination denying benefits." Jackson, 994 P.2d at 323.

B. Is Further Surgery Required When a Worker Seeks to Reopen and Modify a TTD Award under § 27-14-605(a)?
"The determination of a claimant's rights is guided by the statutes in effect at the time the injury occurred." Snyder v. State ex rel. Wyoming Worker's Compensation Division, 957 P.2d 289, 293 (Wyo.1998); see also Tenorio, 931 P.2d at 237. In this instance, the parties agree that the statutes in effect in 1991 are controlling. Section 27-14-404 (emphasis added) provided in part as follows:
(a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. XX-XX-XXX(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. XX-XX-XXX(c).
(b) Any employee awarded benefits under W.S. XX-XX-XXX or XX-XX-XXX is not eligible for benefits under subsection (a) of this section unless he undergoes additional surgery not reasonably contemplated before the award for permanent disability and then only for a reasonable period of recuperation, confinement for medical care during the actual period of confinement or unless application is made and an award is granted under W.S. XX-XX-XXX.

Section 27-14-605(a) (emphasis added) provided as follows:
(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.
In the Order Denying Benefits issued September 7, 1999, the hearing examiner construed this Court's holding in Casper Oil Company v. Evenson, 888 P.2d 221 (Wyo. 1995), as follows:
5.... [A] petition under WYO. STAT. ANN. § 27-14-605 is not necessary or relevant when an injured worker who has previously received TTD benefits again seeks those same benefits. Although Evenson dealt with an attempt to obtain more TTD benefits under the second compensable injury theory, the reasoning in that case seems to apply equally to this case. Therefore, the fact that in this case Osenbaugh did in fact file a § 605 petition is also not relevant under Evenson.

6. Osenbaugh's TTD claim is therefore controlled by WYO. STAT. ANN. § 27-14-404....
This construction is incorrect. In Evenson, the employer argued that the employee was required to petition to reopen the prior TTD claim per § 27-14-605(a) for a second and distinct compensable injury. This Court held *550 that, in the circumstance of a claimant incurring a second compensable injury, a subsequent TTD award under § 27-14-404 was appropriate and the claimant was not required to reopen the original TTD case under § 27-14-605(a). This holding does not preclude an applicant from petitioning to reopen and modify his original TTD award under § 27-14-605(a), and, under that statute, the requirement for additional surgery does not apply.
The division's reliance on Tenorio, 931 P.2d 234, is equally misplaced. Tenorio stands for the proposition that an application for permanent partial disability benefits, subsequent to a TTD award, is a first application for new benefits distinct from the award of TTD benefits. This holding, like the Evenson decision, does not preclude an applicant from applying to reopen and modify his original TTD award for a compensable injury pursuant to § 27-14-605(a) on the basis he has sustained an increase in incapacity.
Allowing Osenbaugh to pursue benefits under § 27-14-605(a) is consistent with this Court's recent decision in Hernandez v. Laramie County School District # 1, 8 P.3d 318 (Wyo.2000). The cases are factually similar in that both applicants received original TTD awards and subsequent permanent partial disability awards. Thereafter, both applicants submitted TTD applications pursuant to § 27-14-404 and petitions to modify under § 27-14-605(a). In Hernandez, this Court affirmed the denial of the second TTD application because the applicant had not returned to work and, therefore, failed to meet the requirements of § 27-14-404. More importantly, this Court also held that Hernandez was entitled to additional benefits under § 27-14-605(a) if she could prove she suffered an increase of incapacity due solely to her injury. The holding in Hernandez is in direct opposition to the hearing examiner's interpretation of Evenson. The hearing examiner concluded the operative fact in determining if § 27-14-605(a) was applicable was whether a claimant had filed a second TTD application. This is not the case. The only prerequisites of § 27-14-605(a) are whether the claimant has previously been awarded either TTD or permanent partial disability benefits and, not meeting the first alternative of § 27-14-404(b), has met the second alternative by filing a petition to reopen and modify under § 27-14-605(a).
This construction is necessary to give effect to the language of § 27-14-404(b), "or unless application is made and an award is granted under W.S. XX-XX-XXX." The division's argument renders § 27-14-605(a) nothing more than empty verbiage. We will not construe a statute in a way that renders the statute meaningless. McClellan v. State, 933 P.2d 461, 465 (Wyo.1997). The legislative intent, manifested in the plain language of the statutes, is the controlling consideration. Wright, 952 P.2d at 213; Evenson, 888 P.2d at 225; Parker Land and Cattle Company v. Wyoming Game and Fish Commission, 845 P.2d 1040, 1042 (Wyo.1993). We construe the plain language of § 27-14-605(a) to provide an avenue for the filing of petitions to reopen and modify a prior award of benefits, be they either temporary or permanent in nature.

CONCLUSION
The hearing examiner's determination that Osenbaugh could not petition under § 27-14-605(a) was flawed and contrary to law. Consequently, he did not consider or make findings regarding the evidence presented as it pertained to Osenbaugh's alleged increase in incapacity due solely to his work related injury. For these reasons, the Order Denying Benefits issued September 7, 1999, is reversed, and this matter is remanded for findings of fact to establish whether Osenbaugh experienced an increase in incapacity of such a nature as to warrant modification of his TTD benefits under § 27-14-605(a).